Craig T. McFARLAND, et al., Plaintiffs,

v.

MEMOREX CORPORATION, et al., Defendants.

Nos. C–79–2007–WAI, C–79–2926–WAI and C–80–0241–WAI.

United States District Court, N.D. California.

Jan. 17, 1984.

J. Michael Brennan, Gibson, Dunn & Crutcher, Newport Beach, Cal., Barry P. Goode, McCutchen, Doyle, Brown & Enersen, Douglas M. Schwab, Heller, Ehrman, White & McAuliffe, San Francisco, Cal., Mitchell A. Kramer, Steven Kapustin, Philadelphia, Pa., Kenneth R. Logan, Simpson, Thacher & Bartlett, New York City, for defendants.

John W. Allured, Law Offices of David B. Gold, San Francisco, Cal., for plaintiffs.

## ORDER

INGRAM, District Judge.

Plaintiffs request that this court reconsider its decision in *McFarland v. Memorex*, 493 F.Supp. 631 (N.D.Cal.1980) in light of recent Ninth Circuit authority and a recent order of this court. At issue is the viability of a claim for relief under section 12(2) of the 1933 Securities Act, 15 U.S.C. § 77*l*(2), against defendants Memorex Corporation and its president, Robert Wilson, as well as a claim under section 15 of the 1933 Act against controlling persons as alleged in plaintiffs' Second Amended Complaint.

In *McFarland v. Memorex, supra,* at 647–648, this court held that "seller" liability under section 12(2) was limited to the defendant/underwriters in strict privity with the plaintiff/security purchasers. Defendants Memorex and Wilson were found not in privity and were dismissed as to section 12(2) claims pursuant to then prevailing authority.

In subsequent cases, the Ninth Circuit has broadened the definition of a "seller" under section 12(2) to include persons whose participation in the security sales transaction directly and proximately caused plaintiffs' injuries. *See, e.g., Admiralty Fund v. Jones,* 677 F.2d 1289, 1294 (9th Cir.1982). This court applied that broadened definition in denying a motion to dismiss brought by a defendant broker/dealer who had allegedly violated section 12(2) in supervising its agent who had traded out of inventory. *Frogner v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 1983 CCH Fed.Sec.L.Rep. ¶ 99,504 (N.D.Cal.1983).

Plaintiffs also request that should Memorex be susceptible to section 12(2) allegations, so should its officers and directors as controlling persons under section 15, 15 U.S.C. § 77*o*.

Defendants oppose reconsideration on the basis of general untimeliness and prejudice due to potentially expanded discovery and other entanglements common to litigation of this magnitude. They most vehemently oppose reconsideration because of apparent doubt cast by the Ninth Circuit by the further application of common law tort principles which increase the scope of liability under the federal securities laws.

In *Admiralty Fund v. Jones, supra,* the court noted that fairly recent Supreme Court authority had questioned the wisdom of fixing participant or aiding and abetting liability, in favor of a "strict statutory construction approach to the securities acts...." 677 F.2d at 1294, n. 3. The court prefaced its observation by noting "little difference between the scope of liability under an aider and abettor theory and that under the participant theory relied upon in *SEC v. Murphy,* 626 F.2d 633 (9th Cir.1980) [a participant is one who was a substantial factor in the security sales transaction]." *Id.* at p. 1295, n. 4.

Defendants also cite *Wright v. Schock,* 571 F.Supp. 642, 1983 CCH Fed.Sec.L.Rep. ¶ 99,411 (N.D.Cal.1983), in which Chief Judge Peckham, in light of *Jones,* doubted the "continuing viability" of participant or aiding and abetting liability under section 12(2), citing, *inter alia, McFarland, supra,* at 647.

Defendants further contend that even if Memorex is to be considered accountable under section 12(2), Wilson, as president, should not. *See Simkins v. National Executive Planners, Ltd.,* 1981–82 CCH Fed. Sec.L.Rep. ¶ 98,304 (M.D.N.1981). They finally submit that the firm commitment un-

derwriting arrangement between Memorex and its underwriters insulates Memorex and Wilson from section 12(2) liability. *See Collins v. Signetics, Inc.*, 605 F.2d 110 (3rd Cir.1979).

The court believes reconsideration is appropriate. There is no authority that this circuit has actually dispensed with either participant or aiding and abetting liability under section 12(2). The footnote in *Jones, supra,* is clearly *dicta,* especially in light of the disposition of the case, reversing summary judgment to consider whether the defendant therein was a substantial factor in the security sales transaction. Chief Judge Peckham's comments in *Wright,* relied on by defendants herein, amount to no more than a recognition of that *dicta.* Moreover, he nevertheless analyzed the section 12(2) liability of certain defendants in *Wright,* after careful review of the substantial evidence presented, on the basis of whether their acts or conduct were a substantial factor in the sales transaction. *Wright, supra,* 571 F.Supp. 642, at pp. 96, 359–362.

This court is not alone in assessing the impact of the *Jones* footnote as it does. In *Hokama v. E.F. Hutton & Co.,* 566 F.Supp. 636 (C.D.Cal.1983), Judge Pfaelzer cogently reasons that more recent Supreme Court authority casts doubt on the querulous subscript:

> The Supreme Court has [subsequent to *Jones* ] reiterated that "the securities laws combatting fraud should be construed 'not technically and restrictively, but flexibly to effectuate (their remedial) purposes.' [citation omitted]," *Herman v. MacLean v. Huddleston,* —— U.S. ——, 103 S.Ct. 683 [74 L.Ed.2d 548] (1983). *Id.,* at 641.

Even though *Huddleston* was based upon a section 10b–5, 1934 Act, violation, this court agrees with *Hokama* that the message applies equally to the 1933 Act. *Hokama, supra* at 641.

*Hokama* also correctly points out the distinction between *primary* participant liability, which is based upon acts or conduct as a substantial factor in the sales transac-

tion, and *secondary* liability. *Id.,* at 641–2. The latter concerns aiders and abettors who knowingly assist in a primary violation. Id., citing *Woodward v. Metro Bank of Dallas,* 522 F.2d 84, 94–7 (5th Cir.1975). This court finds the prevailing authority respects both theories with *Jones* not to the contrary.

Applying this authority to the instant case, the court notes that the Second Amended Complaint alleges the "participation, acquiescence, encouragement or assistance" of Memorex and Wilson in the preparation of the registration statement which is alleged to have misstated and omitted material facts in violation of the 1933 Act. Second Amended Complaint, ¶¶ 16; 41–45. In passing on this motion, as a reconsideration of a prior ruling on a motion to dismiss, the court again must treat all allegations as true. Hence, there is sufficient notice to defendants Memorex and Wilson of their alleged liability under section 12(2), either primarily, as participants, or secondarily, as aiders and abettors. Whether they are actually culpable under either posture is a question of fact.

The authority cited in support of two other defense positions is not helpful. *Simkins, supra,* is inapposite since the instant complaint sufficiently alleges Wilson's participation in the preparation of the registration statement. *Collins, supra,* is even further from home since it employed the privity requirement which is no longer, under the facts alleged herein, followed by this court.

As for section 15 liability, the court finds the complaint adequately alleges, again, for purposes of this motion, the liability of persons named therein as controlling persons, Compl. ¶¶ 54–61, but for this court's ruling on the motion to dismiss. Plaintiffs may amend the complaint as ordered below in order to cure those defects.

Finally, the court finds no merit to defendants' resistance on the grounds of untimeliness or prejudice. This case has a complicated, arduous and lengthy destiny. Substantial discovery has taken and will

take place. No attempt is made herein to discourage pretrial disposition where appropriate.

Accordingly, the court ORDERS that plaintiffs' motion for reconsideration is GRANTED. Plaintiffs shall serve and file a supplemental pleading, if they desire, within 10 days of this order, succinctly and briefly addressing the conclusions reached herein.